**NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 20-2851
_____

IN RE:  SHARON M. JAMES,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of Delaware
(Related to D. Del. Civ. No. 1-18-cv-00063)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 8, 2020
Before:  AMBRO, SHWARTZ and PORTER, Circuit Judges

(Opinion filed: October 22, 2020)
_____

OPINION*
_____

PER CURIAM

Sharon James filed a discrimination lawsuit in the District Court against her

employer.  She has now filed a petition for a writ of mandamus, asking us to "review the

last two rulings of the Honorable Judge Colm F. Connolly . . . who has exceeded his

statutory authority."  Petition at 1.  She also "demand[s] that the Hon. Judge Colm F.

Connolly be recuse[d] from the case entirely."  Id. at 21.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

A writ of mandamus is a drastic remedy available only in extraordinary circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A writ should not issue unless the petitioner has "no other adequate means to attain the relief" sought and she has shown that her right to the writ is "clear and indisputable." Id. at 378-79 (quoting Cheney v. United States, 542 U.S. 367, 380-81 (2004)). Further, a mandamus action is not a substitute for an appeal. Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996).

James complains that the District Court denied her motions for a default judgment and did not allow her to conduct discovery. But those are matters that James may raise on appeal, if she is unsatisfied with the final outcome of the case. James also complains that, at the time she filed her mandamus petition, the District Court had not taken any action for several months. While mandamus may be warranted when a district court's "undue delay is tantamount to a failure to exercise jurisdiction," Madden, 102 F.3d at 79, the docket reflects that the parties were actively litigating the case during the period in question, and the District Court has recently ruled on a number of outstanding motions. There is no delay that would warrant mandamus relief.

Finally, James also seeks Judge Connolly's recusal. A mandamus petition, in general, is a proper way to challenge a district judge's decision not to recuse pursuant to 28 U.S.C. § 455. See In re Sch. Asbestos Litig., 977 F.2d 764, 778 (3d Cir. 1992). But a petitioner must show that § 455 clearly and indisputably required the District Judge to disqualify himself. See Haines v. Liggett Grp., Inc., 975 F.2d 81, 89 (3d Cir. 1992); In re Sch. Asbestos Litig., 977 F.2d at 778. To determine whether mandamus relief is

warranted, we review a district judge's decision not to recuse under § 455 for abuse of discretion. See In re Kensington Int'l Ltd., 368 F.3d 289, 301 (3d Cir. 2004).

Mandamus is not warranted on this basis, as James has not established that the District Court Judge's "impartiality might reasonably be questioned," 28 U.S.C. § 455(a), or that the Judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," 28 U.S.C. § 455(b)(1). James alleges that the District Court's adverse rulings demonstrate that it is biased against her. But "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." See Liteky v. United States, 510 U.S. 540, 555 (1994).[1]

---

[1] Although James does not mention the factor in the body of her mandamus petition, we note that her recusal motions in the District Court are based in part on Judge Connolly's prior representation of the law firm which represents the defendant in her case. See, e.g., Third Motion for Recusal, Dkt. #94; see also "Questionnaire for Judicial Nominees," attached as an exhibit to James's mandamus petition, Dkt. #1-1 at 106-07. But even a judge's prior representation of one of the *parties* does not necessarily create an appearance of impropriety. See Veneklase v. City of Fargo, 236 F.3d 899, 901 (8th Cir. 2000); United States v. Lovaglia, 954 F.2d 811, 815 (2d Cir. 1992). Here, the connection is even more attenuated. We discern no abuse of discretion in the District Court's decision not to recuse.